UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-mj-8125-RMM

UNITED STATES of AMERICA

V.

ANSELMO ROBERTO JUAREZ-PEREZ,

    Defendant.

_____/

FILED BY _____SP_____ D.C.

Feb 17, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? NO

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? NO

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? NO

          Respectfully submitted,

          JASON A. REDING QUIÑONES
          UNITED STATES ATTORNEY

By: _____
          Brian D. Ralston
          Assistant United States Attorney
          Court ID No.: A5502727
          500 S. Australian Avenue, Suite 400
          West Palm Beach, Florida 33401
          Telephone: (561) 820-8711
          Email: Brian.Ralston@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY _____SP_____ D.C.

Feb 17, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

| | |
|---|---|
| United States of America<br>v.<br>Anselmo Roberto Juarez-Perez<br><br>Defendant(s) | )<br>)<br>) Case No. 26-mj-8125-RMM<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 12, 2026__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☒ Continued on the attached sheet.

_____
Complainant's signature

__Border Patrol Agent Richard Soto Valentin, HSI__
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Facetime__

Date: __2/17/26__

_____
Judge's signature

City and state: __West Palm Beach, Florida__   __Ryon M. McCabe, United States Magistrate Judge__
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Soto Valentin, being duly sworn, depose and state as follows:

1.      I am a Border Patrol Agent ("BPA") for the U.S. Department of Homeland Security, United States Border Patrol, and have served in that position for almost nineteen (19) years. I am currently assigned to the West Palm Beach Border Patrol Station in Riviera Beach, Florida. Previously, from January 2019 to June 2022, I was assigned as a Prosecution Agent to the West Palm Beach Station. Form February 2015 to March 2017, I was detailed to the Drug Enforcement Administration ("DEA") Resident Office in Port St Lucie, Florida. During my tenure at the DEA, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering. From March 2012 to June 2014, I was detailed to Homeland Security Investigations ("HSI") in Arecibo, Puerto Rico. During my tenure at HSI, I handled criminal investigations pertaining to narcotics and alien smuggling, as well as money laundering and illegal weapons violations. Prior to becoming a Federal Agent, I was a state Criminal Investigator in the Puerto Rico Police Department for a period of eleven (11) years. I was assigned to the Narcotic Division as a Criminal Investigator. I have attended the United States Border Patrol Agent Academy, at the Federal Law Enforcement Training Center, in Artesia, New Mexico. I have received specialized training regarding the investigation and enforcement of United States Immigration Laws. In the capacity of a Border Patrol Agent, I am charged with enforcing federal administrative and criminal laws under Titles 8, 18, 19, and 21 of the United States Code. As a federal law enforcement agent, I have the authority to conduct investigations, make arrests, execute search warrants, and take sworn statements.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that JUAREZ-PEREZ, Anselmo Roberto ("JUAREZ-PEREZ"), committed the offense of being a previously removed alien found in the United States, in violation of Title 8, United States Code, Section 826 (a) (1).

3. On February 12, 2026, Florida Highway Trooper (FHT) Rui Patricio conducted a traffic stop on a gray Toyota Corolla for speeding and a left-lane violation at Florida State Road 9 (SR 9/I-95) Northbound (NB) in Jupiter, Florida. FHT Patricio approached the driver, later identified as JUAREZ-PEREZ, Anselmo Roberto, and asked for his driver's license, registration, and proof of insurance. JUAREZ-PEREZ provided registration and insurance but was unable to provide a driver's license.

4. FHT Patricio asked JUAREZ-PEREZ whether he had a valid driver's license, and he stated he did not. FHT Patricio ran JUAREZ-PEREZ by name and DOB through the FHT's dispatch to see if any information could be found. Dispatch advised that an ID card was found in the system, but no valid driver's license was found. FHT Patricio found that the name given and listed on the registration and the Guatemala ID matched the driver, JUAREZ-PEREZ.

5. FHT Patricio was deputized by Immigration Customs Enforcement (ICE) under the 287(G) program and was granted the authority to conduct immigration enforcement to identify individuals after acquiring reasonable suspicion of immigration status. FHT Patricio contacted the US Border Patrol and requested a query check on the

2

driver. The checks returned and revealed that JUAREZ-PEREZ was an illegal alien in the U.S.

6. FHT Patricio issued JUAREZ-PEREZ two Florida Uniform Traffic Citations (FUTC) for driving without a valid driver's license, for diving in the left lane when being overtaken from rear, and a Traffic Warning for exceeding the speed limit.

7. JUAREZ-PEREZ was placed under arrest and transported to the West Palm Beach Border Patrol Station for further investigation and processing.

8. At the station, JUAREZ-PEREZ's fingerprints were entered into the e3/New Generation Identification system, which queries the Department of Homeland Security (DHS) database, as well as the Federal Bureau of Investigation (FBI) database.

9. The query on JUAREZ-PEREZ's fingerprints resulted in a positive match indicating that he had a prior immigration history under alien registration file A*** *** 213, and FBI**RD9. The immigration electronic records and alien file assigned to JUAREZ-PEREZ shows that he is a native and citizen of Guatemala.

10. Investigation revealed that on September 16, 2012, JUAREZ-PEREZ was encountered and arrested by Border Patrol Agents in South Komelik, Arizona, and was processed as Expedited Removal. On September 28, 2012, JUAREZ-PEREZ was removed from Phoenix, Arizona, to his native country, Guatemala. On September 09, 2013, JUAREZ-PEREZ was encountered and arrested by Border Patrol Agents in Edinburg, Texas, and was processed as administrative Reinstatement. On September 18, 2013, JUAREZ-PEREZ was removed from Harlingen, Texas to his native country, Guatemala. On October 31, 2013, JUAREZ-PEREZ was encountered and arrested by Border Patrol Agents in Sasabe, Arizona, and was processed as administrative

Reinstatement. On November 08, 2013, JUAREZ-PEREZ was removed from Phoenix, AZ to his native country, Guatemala.

11.  The record checks through the Department of Homeland Security (DHS) CLAIMS database failed to locate any evidence indicating that JUAREZ-PEREZ had applied for or received permission from the appropriate government officials to lawfully reenter the United States.

12.  Based on the foregoing, I submit that probable cause to believe exists that, on or about February 12, 2026, JUAREZ-PEREZ, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) (1).

Richard Soto Valentin
Border Patrol Agent
United States Border Patrol

Subscribed and sworn to before me, by videoconference, in accordance with the requirements of Fed. R. Crim. P. 4.1, on this 17 day of February, 2026.

RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Anselmo Roberto Juarez-Perez

**Case No**: 26-mj-8125-RMM

Count #: 1

Illegal Re-entry into the United States After Removal

8 U.S.C. § 1326(a)
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000
* **Special Assessment:** $100

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.